IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| MISTY LACY, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:20-cv-00007-JJV |
| ANDREW SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Misty Lacy, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Ms. Lacy had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 1062-1083.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to a legal error. *Long v. Charter*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Charter*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the sustainability of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find that the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint is DISMISSED.

Ms. Lacy was forty-one years old at the time of the administrative hearing. (Tr. 1097.) She testified that she had an eleventh-grade education and that she never received a GED, any other schooling, or vocational training. (*Id.*) She has no past relevant work. (Tr. 1081.)

The ALJ[1] found Ms. Lacy met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 1064.) She has not engaged in any substantial gainful activity since October 11, 2008, the alleged onset date. (Tr. 1065.) She has severe impairments in the form of degenerative disc disease, carpal tunnel syndrome with ulnar nerve entrapment at the elbow, bursitis of the right shoulder, fibromyalgia, seizure disorder, depression, and anxiety. (*Id.*) However, the ALJ found that these impairments or combination of impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 1066-1069.) The ALJ determined Ms. Lacy had the residual functional capacity (RFC) to perform light work except that she could not perform rapid, repetitive extension or flexion of the wrists bilaterally and that she should avoid climbing and job tasks that require frequent balancing. (Tr. 1069.) She

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the clamant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

should follow appropriate seizure precautions, which includes "avoiding work at unprotected heights or around dangerous moving mechanical parts/machinery." (Tr. 1070.) She should only perform work where interpersonal contact is only incidental, that can be learned within thirty days, where there is little independent judgment required, and that require only occasional changes from a routine work setting. (*Id*.)

Ms. Lacy has no past relevant work. (Tr. 1081.) Therefore, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Ms. Lacy could perform despite her impairments. (Tr. 1111-1115.) Given the VE's Testimony, the ALJ determined that Ms. Lacy could perform the jobs of housekeeper/cleaner, garment folder, and price marker. (Tr. 1082.) Accordingly, the ALJ determined Ms. Lacy was not disabled. (Tr. 1082-1083.)

The Appeals Council received additional evidence but denied Ms. Lacy's request for a review of the ALJ's decision. (Tr. 1052-1055.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id*.) Ms. Lacy filed the instant Complaint initiating this review. (Doc. No. 2.)

Ms. Lacy first argues that the ALJ did not address a conflict between the VE's testimony and the *Dictionary of Occupational Titles* (*DOT*). (Doc. No. 17 at 31-32.) Specifically, she says the jobs identified by the VE were hand-intensive and therefore created a conflict due to Ms. Lacy's wrist limitations. (*Id*.) After careful consideration of Plaintiff's argument, I find no reversible error here. Ms. Lacy makes note of the descriptions of the jobs provided by the VE, under the restrictions set forth by the ALJ, as described in the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (*SCO*). (Doc. No. 17 at 31.) These job descriptions do require reaching, handling, and fingering to various degrees. (*Id*.)

3

However, there is no indication these jobs involve rapid, repetitive extension or flexion of the wrists bilaterally.

Ms. Lacy cites *Moore v. Colvin* for the proposition that a conflict exists. 769 F.3d 987, (8th Cir. 2014).  In *Moore*, the hypothetical restrictions set by the ALJ when questioning the VE limited the claimant to only occasional overhead reaching bilaterally.  *Id*. at 988-989.  There, the potential conflict existed because the VE recommended janitorial work, which according to the *SCO* required frequent reaching.  *Id.* at 989.  Here, the hypothetical restrictions imposed by the ALJ did not include reaching, handling, and fingering - the actions that Ms. Lacy takes issue with. Instead, the ALJ found Plaintiff was limited in "rapid, repetitive extension or flexion of the bilateral wrists." (Tr. 1069.)  Moreover, the VE specifically considered Plaintiff's limitations when identifying the jobs of housekeeper/cleaner, garment folder, and price marker.  (Tr. 1112-1113.)  The ALJ also asked the VE if there were inconsistencies, conflicts, or differences between his testimony and the Dictionary of Occupational Titles, to which he testified, "Well, not really, but I - - you know, under the first hypothetical, I relied on that, on the DOT."  (Tr. 1114.)  Although I recognize it is the Commissioner's burden at Step 5, I note that Plaintiff's counsel did not object to the VE's testimony or follow up with any additional questions.  (*Id.*)

Upon close review of the ALJ's decision and the conflict argument raised by Ms. Lacy, I find Plaintiff's argument to be without merit. The ALJ's decision on this point is supported by substantial evidence.

Ms. Lacy next argues that the ALJ gave inadequate weight to the opinions of her treating physician, Robert T. Giddings, M.D.  (Doc. No. 17 at 32-35.)  Dr. Giddings completed a Medical Source Statement-Physical whereby he reported Plaintiff was extremely limited.  (Tr. 1029-1030.) The ALJ considered the findings of Dr. Giddings but found them unpersuasive due to

inconsistencies in the record and inconsistencies in Dr. Giddings own findings. (Tr. 1080.) *See Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010) (where a treating physicians' opinions are inconsistent or contrary to the entirety of the medical evidence, the ALJ is entitled to assign those opinions less weight). As the Commissioner recites in his brief, the ALJ explained in detail why he gave Dr. Giddings' opinions little weight. The ALJ's thorough assessment is worth repeating here:

> Dr. Giddings opined the claimant [is] limited to lifting/carrying 10-pounds occasionally and less than 10-pounds frequently, with standing/walking for four hours in an eight-hour workday, and sitting for four hours in an eight-hour workday. He additionally opined limitations to occasional reaching, with the need for a "sit/stand option" and the avoidance of concentrated pulmonary irritants. Dr. Giddings also opined the claimant would miss work three days a month.
>
> The undersigned gives this medical opinion little weight, because of a lack of full support from Dr. Giddings' own examination and clinical reports with regard to the claimant, as well as her treatment history, and the objective medical findings as a whole. Dr. Giddings' own examination on the date he completed the medical source statement showed that the claimant was in no acute distress. Additionally, the claimant had not reported musculoskeletal or neurological abnormalities. Additionally, Dr. Giddings did not report any back problems, problems of neuropathy in the upper or lower extremities, and there were no indications that the claimant appeared acutely ill or in chronic pain. Dr. Giddings also noted the treatment regimen should remain stable, which would tend to offer an indication or documentation that the treatment regimen continued to address symptoms and complaints adequately. Dr. Giddings also did not report any respiratory problems, and he specifically noted the lungs were clear, and that the claimant exhibited normal respiratory effort.
>
> The objective medical evidence shows that the claimant has mild degenerative disc disease and mild carpal tunnel syndrome, which do not fully support the degree of limitations advocated by Dr. Giddings in the *Medical Source Statement*. As additionally noted in this decision above, prior physical examinations appear to have routinely shown normal motor and neurological functioning with a normal gait. The claimant does not appear to have strength deficits in either upper or lower extremities, and the evidence does not appear to show a history of the claimant having appeared chronically ill for long periods of time, such that one would expect to result in frequent absences from work. Accordingly, for the reasons stated, the undersigned assigns little evidentiary weight to the Medical Source Statement completed by Dr. Robert Giddings (Ex. 2F, 3F, 6F, 8F, 1 7F, 18F, 20F, 21F).

(Tr. 1080).

Significantly, the ALJ correctly states that Dr. Giddings' treatment records fail to support his assessment.  (Tr. 963-965, 976, 998, 1011-1012, 1016, 1020, 1025, 1037, 1042, 1049.)  Additionally, as the Commissioner argues, Plaintiff's numerous diagnostic tests fail to support her allegations of extreme limitation.  (Tr.  555-556. 571-572, 612, 637-639, 675-686, 1008-1009.)  Thus, the ALJ could rightly discount the opinions of Dr. Giddings.

Lastly, Ms. Lacy argues that the ALJ failed to develop the record regarding her seizure disorder.  "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted).

The ALJ sufficiently developed the record with regard to Plaintiff's seizure disorder.  (Tr. 1077.)  Ms. Lacy gave testimony that she experienced twelve to thirteen seizures a month (Tr. 1102.)  The ALJ, however acknowledged that it did not appear that Ms. Lacy received medical treatment after her seizures.  (Tr. 1077.)  In 2015 she received an EEG that was unremarkable and has not received another since, even though she sees a neurologist every six months.  (Tr. 1013-1014, 1022, 1073, 1108, 1258.)  Ms. Lacy's 2016 MRI was normal.  (Tr. 1022, 1066, 1077, 1123, 1129.)  Furthermore, Ms. Lacy's 2016 records indicated that there was a possible connection between her alcohol withdrawal and seizure activity.  (Tr. 975, 978, 1077.)  It appears that the ALJ made factual findings based on a comprehensive review of the medical evidence on record regarding Ms. Lacy's seizure disorder. The ALJ did not completely discredit the legitimacy of Ms. Lacy's seizure disorder, as he still incorporated seizure precautions in her RFC.  (Tr. 1069-1081.)

Unquestionably Ms. Lacy suffers from impairments that impose limitations on her ability to perform work related activities. But the ALJ has fairly considered these limitations and correctly determined she could perform a reduced range of light work. Plaintiff's counsel has done an admirable job advocating for her rights. It is not the task of a court to review and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of November 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE